Louis Lindauer, and his wife, Carolyn Lindauer v. Commissioner. Louis Lindauer v. Commissioner.
Lindauer v. Commissioner
Docket Nos. 53511, 53512.
United States Tax Court
T.C. Memo 1956-172; 1956 Tax Ct. Memo LEXIS 120; 15 T.C.M. (CCH) 896; T.C.M. (RIA) 56172; July 24, 1956
*120 1. Petitioners claimed a credit of $600 against net income for each of the years 1948, 1949, and 1950 as an exemption for their son under section 25(b), I.R.C. of 1939, which respondent disallowed. Upon the evidence, held, petitioners are entitled to the credit for 1948 but not for the years 1949 and 1950. 2. Petitioners claimed under section 23(a)(1)(A) and (1), I.R.C. of 1939, business deductions for one or more of the years 1947 to 1951, inclusive, for such items as expenses for entertainment, stenographic, rental, cleaning, and maintenance and depreciation of an automobile. Petitioner was a lawyer and used a room at home as an additional office to the one he had elsewhere. The respondent allowed a part of the amounts claimed for all the items except the expenses claimed for stenographic services performed at home. Upon the evidence, held, petitioners are entitled to greater allowances for maintenance and depreciation of automobiles used in the business than those allowed by respondent, and to certain amounts paid for stenographic services performed at home, but petitioners are not entitled to any greater allowances for expenses of entertainment, rental, or cleaning than those *121 allowed by respondent. Louis Lindauer, Esq., 1470 East Fourth Street, Brooklyn, N. Y., for the petitioners. Clarence P. Brazill, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion Respondent determined deficiencies in income tax and additions to income tax under section 294(d)(2) of the Internal Revenue Code of 1939 for the calendar years 1947 to 1951, inclusive, as follows: Docket
Addition
Number
Petitioner
Year
Deficiency § 294(d)(2)
53511
Louis Lindauer et ux.
1948
$445.68
None
53511
Louis Lindauer et ux.
1949
342.58
None
53511
Louis Lindauer et ux.
1950
467.48
$33.10
53511
Louis Lindauer et ux.
1951
280.11
28.72
53512
Louis Lindauer
1947
299.86
None
*122 Upon motion made and granted, the proceedings were consolidated for trial. The issues are: (1) Whether respondent erred in disallowing a credit of $600 against net income for each of the years 1948, 1949, and 1950 claimed by petitioners as an exemption for their son David under section 25(b), I.R.C. of 1939, and (2) whether respondent erred in disallowing a part or all of certain deductions under section 23(a)(1)(A) and (1), I.R.C. of 1939, claimed by petitioner in the practice of law for one or more of the taxable years for such items as expenses for entertainment, stenographic, rental, cleaning and automobile, and depreciation of an automobile used in petitioner's business. Other adjustments contained in the deficiency notices are not at issue except as to certain automatic adjustments for medical expenses and the amount of the additions to tax that may be necessary if our decision is to be made under Rule 50. Findings of Fact Petitioner Louis Lindauer, sometimes referred to as petitioner, filed his Federal income tax return for the taxable year 1947 with the then collector of internal revenue for the first district of New York. Petitioners Louis and Carolyn Lindauer, sometimes *123 referred to as petitioners, filed joint Federal income tax returns for the years 1948 to 1951, inclusive, with the same collector for the same district. David Lindauer, son of the petitioners, was discharged from the U.S. Navy in San Francisco on February 27, 1948, as a Seaman First Class. His pay and subsistence in the Navy for January and February 1948 amounted to a total of about $168. He received $100 mustering-out pay and $150 as a reimbursement for his traveling expenses to his home in New York. During the next three or four months of 1948, he earned $325.80 as an employee of a department store and a chateau. After this employment, he received unemployment compensation in the amount of $140. He entered school in September 1948 under the Servicemen's Readjustment Act of 1944, and he received a subsistence allowance from the Government at the rate of $75 a month for the months of September, October, November, and December 1948. His tuition and books for the last four months of 1948 cost $114about, all of which was paid by the Government. During the year 1948, after his discharge from the Navy, David lived with petitioners. His parents paid approximately $300 to outfit him with *124 civilian clothes in 1948 and gave him $250 to purchase a used car. They also spent in support of David during 1948 about $440 for food, $135 for shelter, and $50 for utilities. During 1949, David received a subsistence allowance from the Government of $900. His tuition and books cost about $400 which was paid by the Government. At Christmas time in 1949, David earned about $45 clerking in the post office. During this year his parents paid out about $150 for clothes for David and spent in support of David about $520 for food, $160 for shelter, and $70 for utilities. During 1950, David received a subsistence allowance from the Government of $900. His tuition, exclusive of books, cost about $600 which was paid by the Government. During 1950, David was employed for a while by R. H. Macy & Co., and was paid $382.80 in wages. During this year his parents paid out about $100 for clothes for David and spent in support of David about $520 for food, $200 for shelter, and $70 for utilities. During the taxable year 1948, more than half of David's support was received from the petitioners. During the taxable years 1949 and 1950, less than half of David's support was received from the petitioners. *125 Petitioner was engaged in the practice of law, specializing in matrimonial matters, during the taxable years in question. Petitioners possessed one car during each of the years 1947 to 1951, inclusive, the use of which was devoted to both business and personal purposes. Depreciation in the amount of $433 was claimed as a deduction on the income tax returns filed for each of the years 1947, 1948, and 1949, on a 1941 model automobile purchased in January 1947 at a cost of $1,300 and in the amount of $409 for each of the years 1950 and 1951 on a 1948 model automobile purchased in January 1950 at a cost of $1,228. Petitioner made certain expenditures for entertainment of his clients, and cleaning and rent of an allocable portion of his apartment used for personal and business purposes during the years in issue. No record was kept of these expenditures and the amounts claimed by petitioner as deductible business expenses were based solely upon his estimates. The amounts claimed by petitioner as deductible business expenses for entertainment of clients and maintenance and depreciation for an automobile used for personal and business purposes for the taxable year 1947, and the amounts *126 allowed by respondent are as follows: Claimed
Allowed
for 1947
for 1947
Entertainment
$480.00
$240.00
Automobile maintenance
764.85
382.42
Automobile depreciation
433.00
216.50
About 75 per cent of the use of the automobile each year was devoted to business and about 25 per cent to personal use. The amounts claimed by petitioners in their joint Federal income tax returns filed for the years 1948 to 1951, inclusive, as deductible business expenses for entertainment of clients, stenographic work allegedly done in petitioners' apartment, cleaning and rent of that portion of their apartment used for business purposes, maintenance and depreciation for an automobile used for business and personal purposes for 1948 and 1949 and for business purposes only for 1950 and 1951, and the amounts allowed by respondent are as follows: 1948
1949
1950
1951
Cl'd
Al'd
Cl'd
Al'd
Cl'd
Al'd
Cl'd
Al'd
Entertainment
$700.00
$350.00
$350.00
$175.00
$600.00
$300.00
$500.00
$250.00
Stenographic service (apart-
ment)
520.00
0
320.00
0
300.00
0
350.00
0
Rent (apartment)
240.00
180.00
240.00
180.00
300.00
175.74
300.00
171.42
Cleaning (apartment)
260.00
208.00
260.00
208.00
260.00
208.00
260.00
218.85
Automobile maintenance
820.45
410.17
788.50
394.25
792.23
523.82
655.43
488.62
Automobile depreciation
433.00
216.50
433.00
216.50
409.00
204.50
409.00
204.50
*127 Petitioner kept no books or records of his alleged business expenditures for the years 1947 to 1951, inclusive, which he claimed as deductible on Federal income tax returns for those years, and the claimed deductible expenses were based solely upon his estimates. No receipts, vouchers or books of record of any description were placed in evidence in corroboration of the business expenditures allegedly made by petitioner during the years 1947 through 1951. Ulitimate Findings Petitioners are not entitled to an exemption credit for their son David for the years 1949 and 1950 but are entitled to such a credit for the year 1948. Petitioner paid and incurred for stenographic services performed at his home office at least the amounts of $175, $100, $100, and $120 during the years 1948, 1949, 1950, and 1951, respectively. Petitioners are entitled to deduct as business expenses for the years 1947 to 1951, inclusive, no greater amounts than those allowed by respondent for entertainment, and the rental and cleaning of that part of the home which was used by petitioner as his second office. Petitioners are entitled to deduct from gross income for the years 1947 to 1951, inclusive, *128 the following amounts for automobiles used in petitioner's business: Taxable
Automobile
Automobile
Year
Maintenance
Depreciation
1947
$573.64
$324.75
1948
615.34
324.75
1949
591.38
324.75
1950
710.74
306.75
1951
655.43
306.75
Opinion ARUNDELL, Judge: The applicable provisions of the Internal Revenue Code of 1939 are in the margin. [1]
*129 The issues involved are all questions of fact and must be resolved upon the evidence submitted. We think the evidence establishes that petitioners furnished over half of David's support for 1948 but not for 1949 and 1950 and we have so found. In making this finding, we did not accept the testimony of David and his father that David received from his parents during the period in question spending money of from $10 to $15 a week. The reason for this is that David was receiving subsistence from the Government of $75 a month. On direct examination, David testified that he gave all of this subsistence money to his mother to put aside for his future schooling to be used when he ceased receiving subsistence from the Government. Upon cross-examination, however, the following colloquy occurred: Q. "Do you know for certain that this was not used towards your upkeep? A. "I know that when it came time for me to go to school, my mother had the money to pay for it. Q. "Do you know for certain that the money you gave your mother in 1948 was not used for your support? A. "I couldn't swear to it. "THE COURT: You pretty well got it back each month, didn't you? You testified that you got *130 back ten or $15 a week. "THE WITNESS: Yes, my mother gave me spending money ten or $15 a week. "THE COURT: It would pretty near eat up the $75, wouldn't it? "THE WITNESS: That's correct." Furthermore, in an affidavit submitted to respondent by petitioner, Louis Lindauer, in 1954, and offered in evidence in this cause on the cross-examination of petitioner, it was stated: "That my son, DAVID LINDAUER, enlisted in the United States Navy in May, 1946, and was discharged therefrom in March, 1948. That in or about September, 1948, he entered Long Island University and took a pre-law course for two years. During that period he was attending school under the G. I. Bill of Rights and was receiving from the Government monthly payments of $75.00. I received no part of any of the moneys so received by him from the Government. He used it exclusively for his own pleasure and to keep in repair an old automobile which he purchased soon after his discharge from the Navy." In view of the foregoing, we are not disposed to find that during the years 1948, 1949, and 1950 petitioners paid their son any spending money in addition to the other support they furnished him. Petitioners claimed *131 deductions for maintenance and depreciation of two automobiles used in petitioner's law business. Respondent does not dispute the cost of these cars or the cost of maintaining them, or the rate of depreciation. His objection is to the allocation of their use as between business and pleasure. We have found as an ultimate fact from all the evidence that for all years petitioner used the cars 75 per cent for business and 25 per cent for pleasure. We are also satisfied from the evidence that petitioner is entitled to some deduction for stenographic services performed in his home. Applying the rule in Cohan v. Commissioner, 39 Fed. (2d) 540, we have found that petitioners are entitled to deduct for such stenographic help the amounts set out in our Findings of Fact. The evidence relative to the deductions claimed by petitioners for expenses of entertainment, the rental of and cleaning the room used at home for a second office is not sufficient to overcome the correctness of respondent's determination relative to such items. The respondent's determination as to such items is therefore sustained. The automatic adjustments for medical expenses and the addition to tax under *132 section 294(d)(2) of the 1939 Code will be made in the computations to follow under under Rule 50. Decisions will be entered under Rule 50. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: (a) Expenses. - (1) Trade or business expenses. - (A) In General. - All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *. * * *
(1) Depreciation. - A reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence) - (1) of property used in the trade or business * * *. SEC. 24. ITEMS NOT DEDUCTIBLE. (a) General Rule. - In computing net income no deduction shall in any case be allowed in respect of - (1) Personal, living, or family expenses * * *. SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME. * * *
(b) Credits for Both Normal Tax and Surtax. - (1) Credits. - There shall be allowed for the purpose of both the normal tax and the surtax, the following credits against net income: * * *
(D) An exemption of $600 for each dependent whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $500 * * *. * * *
(3) Definition of Dependent. - As used in this chapter the term "dependent' means any of the following persons over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer: (A) a son or daughter of the taxpayer * * *↩